UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DESIGN BASICS, L.L.C.,

                      Plaintiff,

     v.

DESHANO COMPANIES, INC.; DESHANO
HOMES, INC.; DESHANO LUMBER
COMPANY; DESHANO CONSTRUCTION
COMPANY; COUNTY-WIDE BUILDERS,
INC.; and MICHIGAN CUSTOM HOMES

                      Defendants.

_____/

Case No. 10-14419
Honorable Thomas L. Ludington

**OPINION AND ORDER GRANTING IN PART,
DENYING IN PART PLAINTIFF'S MOTION IN LIMINE**

Plaintiff in this case has moved to exclude fifteen different categories of evidence from the upcoming trial, scheduled to commence on November 13, 2012. Defendants raise no objection to nine of those categories — general boilerplate issues that are already excluded from trials by the Federal Rules of Evidence. Defendants do, however, object to six of the categories Plaintiff moves to exclude. Based on the following, Plaintiff's Motion *in Limine* will be granted in part and denied in part.

**I**

Plaintiff Design Basics, LLC is engaged in the business of creating, publishing, and licensing architectural designs. Defendants DeShano Construction Company, DeShano Companies, Inc., DeShano Lumber Company, DeShano Homes, Inc., Michigan Custom Homes, and County-Wide Builders are all owned and operated by members of the DeShano family: Gary DeShano, his son Chad, and Gary's brother Neil. Defendant DeShano Lumber furnishes lumber

and other construction materials, while the other Defendants work together to construct residential houses in Michigan.

Plaintiff alleges that Defendants infringed on its copyrighted materials, building houses with architectural designs that are substantially similar to Plaintiff's. Plaintiff claims it first learned of the alleged infringement in April 2010 and sent a cease and desist letter in June 2010. The letter went out to all Defendants except DeShano Lumber and DeShano Homes, but Plaintiff received no response. Plaintiff then filed a complaint against DeShano Companies, Inc. on November 4, 2010. Plaintiff was subsequently granted leave to file an amended complaint to include affiliated enterprises DeShano Homes, Inc., DeShano Lumber Company, DeShano Construction Company, County-Wide Builders, and Michigan Custom Homes.

Defendants filed a motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants' motion was granted, but Plaintiff was permitted to file an amended complaint. Plaintiff did so, and Defendants filed a second motion to dismiss, which was denied. Defendants filed a Motion for Summary Judgment on May 29, 2012. The essence of Defendants' argument was that Plaintiff failed to explain what part of its architectural drawings were protectable material, and where such material is contained in Defendants' designs. Plaintiff responded with a motion of its own, moving for partial summary judgment on two issues. Defendants' motion was denied, and Plaintiff's motion was granted. In addressing the motions, the Court established as a matter of law that Plaintiff owns the copyrights in dispute in this case, and that Defendants had access to Plaintiff's architectural plans. ECF No. 81, 15, 22.

The six disputed categories of evidence Plaintiff moves to exclude are as follows: (1) any attempt to request Plaintiff's counsel to produce documents, stipulate to facts, or to make any agreement in the presence of the jury; (2) the contents of the pleadings on file in this case; (3)

any reference to the timing of the institution of the action as an excuse or justification for Defendants' allegedly infringing conduct; (4) any reference to the time the suit has been on file, or any reason that the case has not been brought sooner to trial; (5) any reference or suggestion that the Plaintiff's works are not properly copyrighted, either in form or substance; and (6) a request that any hearsay evidence not be presented before first submitting to the Court for a ruling of admissibility.  Each will be discussed in turn.

## II

Under the Federal Rules of Evidence, relevant evidence is admissible unless the United States Constitution, a federal statute, the Rules of Evidence, or other rules prescribed by the Supreme Court provide otherwise.  Fed. R. Evid. 402.  Irrelevant evidence is not admissible.  *Id*. Evidence is "relevant" if it tends to make a material fact more or less probable.  Fed. R. Evid. 401.   Even if relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.  Fed. R. Evid. 403.

Although neither the Federal Rules of Civil Procedure nor the Federal Rules of Evidence provide expressly for the exclusion of evidence *in limine* before trial, "[i]n general, federal district courts have the power to exclude evidence *in limine* pursuant to their inherent authority to manage trials."  *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984).  "The purpose of a motion *in limine* is to permit the Court to decide evidentiary issues in advance of trial in order to avoid delay and ensure an evenhanded and expeditious trial."  *Corporate Commc'n Services of Dayton, LLC v. MCI Communications Services, Inc.*, 2010 WL 1445169, at *1 (S.D. Ohio Apr. 12, 2010). A court will generally not grant a motion *in limine* unless the moving party "meets its burden of showing that the evidence in question is clearly inadmissible."  *Id*. (citing *Indiana Insurance Co.*

*v. General Electric Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)).  "If such a showing is not made, evidentiary rulings should be deferred and resolved in the context of trial."  *MCI Communications*, 2010 WL 1445169, at *1.

### III

### A

In its motion, Plaintiff moves to exclude, "Any attempt to seek or request Plaintiff's counsel to produce documents, to stipulate to any fact, or to make any agreement in the presence of the jury."  Pl.'s Mot. ¶ 3.  Plaintiff cites no authority for this proposition.  Defendants respond that they do not intend to embarrass Plaintiff's counsel at trial, but that legitimate disagreements concerning documents or facts could warrant the production of evidence to substantiate Plaintiff's claims.  As such a proposition is certainly possible, and better left for a determination in the context of trial, Plaintiff's motion *in limine* on this issue will be denied.

### B

The second disputed issue is Plaintiff's request to prohibit, "The contents of any pleadings on file in this case."  *Id*. at ¶ 7.  Such a request cannot be granted.  As a general rule, a party's pleadings are admissible as admissions, either judicial or evidentiary, as to the facts alleged in that pleading.  *See E. Natural Gas Corp. v. Aluminum Co. of Am.*, 126 F.3d 996, 1002 (7th Cir. 1997) ("[P]rior pleadings . . . are admissible in a civil action as evidentiary admissions.");  *U.S. v. McKeon*, 738 F.2d 26, 31 (2d Cir. 1984) ("A party [ ] cannot advance one version of the facts in its pleadings, conclude that its interests would be better served by a different version, and amend its pleadings to incorporate that version, safe in the belief that the trier of fact will never learn of the change in stories.").  Because Plaintiff's pleadings would be

- 4 -

admissible if offered by Defendants as party-opponent admissions, or for impeachment, they will not be excluded at this point.

## C

Plaintiff next moves to exclude, "Any reference to the timing of the institution of this action, as an excuse or justification for Defendants' infringing conduct, such as a suggestion that had Plaintiff used more diligence it could have prevented some measure of the infringing conduct." Pl.'s Mot. ¶ 8. Plaintiff claims that "[n]o law supports such a mitigation of damages theory[.]" *Id*. Plaintiff also moves to exclude "Any reference to the time that this suit has been on file, or the presumed or putative reasons that the case has not been brought to trial sooner than the actual trial." *Id*. at ¶ 9. Plaintiff believes, "Such commentary would be solely prejudicial, and should be denied." *Id*.

Defendants disagree, claiming that their ability to present a defense that relies upon Plaintiff's duty to mitigate its alleged damages would be "severely compromised" if these two requests are granted. Defs.' Resp. 3. It is wholly unclear how any evidence concerning the amount of time that elapsed from the filing of Plaintiff's complaint to the upcoming trial date would be relevant to the determination of this case. Such evidence would not make any fact of the case more or less probable, even a question of damages. Therefore, Plaintiff's motion on this point, ¶ 9, will be granted.

However, Plaintiff has not met its burden in showing how the timing of the lawsuit's filing is irrelevant to the question of mitigation of damages. In light of the lack of caselaw on the issue, along with Plaintiff's unsupported claims that this evidence would be "solely prejudicial," Pl.'s Mot. ¶ 8, Plaintiff's motion on this issue will be denied, as the determination is better saved for the context of trial.

**D**

In paragraph twelve of its motion *in limine*, Plaintiff moves to preclude Defendants from making "[a]ny reference or suggestion that the Plaintiff's works are not properly copyrighted, either in form or in substance. These matters have been established as a matter of law." *Id*. at ¶ 12. This statement, in light of the Court's Opinion and Order, ECF No. 81, is incorrect. The Court established that Plaintiff was the rightful owner of the copyrights in question in this case. *Design Basics, L.L.C. v. DeShano Companies, Inc.*, 2012 WL 4321313, at *9 (E.D. Mich. Sept. 21, 2012). It was not established as a matter of law, however, that the works are properly copyrighted in form and in substance, as Plaintiff suggests. Because Plaintiff has not met its burden of establishing that this evidence is inadmissible, whether Defendants should be precluded from making these arguments is better reserved for during trial itself. Plaintiff's motion on this issue will be denied.

**E**

Finally, Plaintiff moves to prohibit, "Any reference or account of a discussion had between a witness and any person not present in court to give testimony, without first obtaining a ruling from the Court on the admissibility of hearsay due to a valid exception to the hearsay rule." Pl.'s Mot. ¶ 14. As Defendants point out, "Plaintiff is seeking to have the hearsay objection presumption flipped," instead of requiring timely objections by Plaintiff, imposing the burden of affirmatively showing each piece of testimony is not hearsay before it is allowed. This would both impede the trial's progress, and release the parties from the requirement of making timely objections. *See United States v. Cunningham*, 804 F.2d 58, 60 (6th Cir. 1986) (court refused to engage with the defendant's hearsay claim where "[n]o objection on hearsay grounds was made at trial."). Plaintiff's motion here will be denied as well.

**IV**

Accordingly, it is **ORDERED** that Plaintiff's Motion *in Limine*, ECF No. 84, is **GRANTED** in part and **DENIED** in part.

It is further ordered that ¶¶ 1, 2, 4–6, 9–11, 13, and 15 of Plaintiff's Motion are **GRANTED**.

It is further ordered that ¶¶ 3, 7, 8, 12, and 14 are **DENIED**.

s/Thomas L. Ludington<br>
THOMAS L. LUDINGTON<br>
United States District Judge

Dated: October 23, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 23, 2012.

s/Tracy A. Jacobs<br>
TRACY A. JACOBS
